16-90010-am
In re: [Redacted]

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

_____

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th of March, two thousand sixteen.

Present:     Denny Chin,
                    *Circuit Judge.*

_____

In re ███████████████ & ██████████████████,*
                              Attorneys.

16-90010-am
ORDER

_____

By order dated filed January 26, 2016, the Court ordered ████████████████ and ████████ ████████ to show cause why disciplinary or other corrective measures should not be imposed on them pursuant to Local Rule 33.1 and Federal Rule of Appellate Procedure 33 for violating the Court's order that they appear at a mediation conference for the appeal docketed at ██████.

In response, ████████ and ████████ state that: soon after commencing the appeal, appellant "replaced" them as counsel and revoked their authority to speak on its behalf; they anticipated appellant's new counsel would make a substitution of counsel filing and thereafter handle all aspects of the appeal, including court-ordered mediation; new counsel informed them that appellant intended to withdraw the appeal; and they tried, unsuccessfully and in good faith, to withdraw as counsel of record. This response, though timely and complete, reflects misunderstandings about their ongoing duties to the Court and the mandatory nature of the Court's mediation program.

Appellant's decision to replace ████████ and ████████ did not relieve them of their obligation to comply with the Court's orders. They remained counsel of record until the Court relieved them of the representation. *See In re Payne*, 707 F.3d 195, 206 (2d Cir. 2013) ("[C]ounsel may not end the representation of a client without taking affirmative action."). That did not occur until February 4, 2016, when the Court granted their motion to be relieved. ████████ and ████████ concede that they were on notice that appellant's new counsel never filed a substitution of counsel: all documents in the appeal continued to be served on them. As counsel of record, they were obligated to respond to the Court's order that they appear at a mediation conference, at the very least to notify the appointed mediator that their representation was in question and to request an adjournment. More troubling,

* This is a redacted version of a confidential order issued in the Court's attorney misconduct docket. It has been posted on the Court's website for the benefit of other counsel.



██████ and ██████ apparently view the Court's mediation program as optional. It is mandatory. The court-appointed mediator serves as an extension of the Court, designated by the judges to mediate cases pursuant to Federal Rule of Appellate Procedure 33. ██████, ██████, and appellant's new counsel had no authority to cancel the mediation conference or otherwise disregard this Court's order that they appear and participate in good faith.

Despite ██████s and ██████'s failure to end their representation properly, participate in the mediation conference, or show the court-appointed mediator the professional courtesy of a reply, I conclude that it is unnecessary to refer this matter to the Court's Grievance Panel. ██████'s and ██████'s conduct was limited to one case and is unlikely to be repeated, they have accepted responsibility and concede error, and I find no evidence that they acted in bad faith.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk